IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
Scott N. Johnson,              )
                               )    2:10-cv-00098-GEB-DAD
          Plaintiff,           )
                               )
     v.                        )    ORDER RE: SETTLEMENT AND
                               )    DISPOSITION
Triple Crown Auto Sales, Inc., )
Individually and d/b/a Triple  )
Crown Auto Sales; Robert D.    )
Bone, Individually and d/b/a   )
Triple Crown Auto Sales,       )
Individually and as Co-Trustee )
of Bone Family Revocable Trust )
of 2000, dated June 6, 2000;   )
Lisa M. Bone, Individually and )
as Co-Trustee of Bone Family   )
Revocable Trust of 2000, dated )
June 6, 2000,                  )
                               )
          Defendants.          )
_____)
```

Defendants filed a "Notice of Settlement" on February 25, 2011, in which they state, "this matter has settled[, and] . . . [t]he settling parties anticipate having the dispositional documents on file with the Court within twenty (20) calendar days." (ECF No. 21.)

Therefore, a dispositional document shall be filed no later than March 17, 2011. Failure to respond by this deadline may be construed as consent to dismissal of this action without prejudice, and a dismissal order could be filed. See L.R. 160(b) ("A failure to file dispositional papers on the date prescribed by the Court may be grounds for sanctions.").

The final pretrial conference scheduled for November 21, 2011, will remain on calendar in the event no dispositional document is filed, or if this action is not otherwise dismissed.[1]

IT IS SO ORDERED.

Dated: February 28, 2011

_____
GARLAND E. BURRELL, JR.
United States District Judge

---

[1] The final pretrial conference will remain on calendar, because the mere representation that a case has been settled does not justify discontinuance of calendering a scheduling proceeding. Cf. Callie v. Near, 829 F.2d 888, 890 (9th Cir. 1987)(indicating that a representation that claims have been settled does not necessarily establish the existence of a binding settlement agreement).

2